## DEXTER & a. *v.* SULLIVAN.

A will, directing the executors to sell land, gives them no estate, and if the will make no other disposition of the land, it descends to the heir, and remains his until sold by the executors.

If one, without any antecedent authority, enter on land in behalf of the owner, his entry will enure to the benefit of the owner, if he afterwards ratify it; and his bringing an action for trespasses committed on the land before the entry, will be a sufficient ratification, in case an entry were necessary to maintain the action.

In this State an heir or devisee may maintain trespass *quare clausum fregit,* without first making an entry into the land.

TRESPASS, *quare clausum fregit,* for breaking and entering the plaintiffs' close, in Windham, and cutting and carrying away wood and timber.

The following facts appeared on a case agreed by the parties.

Jonathan M. Dexter, late of Boston, died seized in fee of the premises, in May, 1844, and by his will, duly executed and proved in Massachusetts, after some pecuniary bequests, directed as follows: " All the residue and remainder of my said estate, whether real, personal or mixed, I direct my executors to sell at such times as they may deem expedient, and to convert the same into one common fund, to be safely invested in mortgages on real estate." The will then gave directions for the appropriation of the fund that should be raised by the sale of the estate. The will made no other disposition of the real estate, and the premises have not been sold by the executors.

The defendant having a deed of the premises, with covenants of warranty, from one Alexander Parks, dated November 27, 1848, and recorded December 1, 1848, entered on the land in January and February, 1849, and cut and carried away wood and timber, which is the trespass for which this suit is brought. No title was shown in Alexander Parks.

In August, 1852, Henry F. French, attorney for the plaintiffs, directed a man by the name of Parker to take possession of the premises in behalf of the plaintiffs, which was done by entering thereon in presence of witnesses, and in their presence declaring

the object of the entry, of which the defendant had notice prior to the commencement of this suit. :

The plaintiffs are the children and heirs at law of Jonathan M. Dexter.

If the court should be of opinion that the plaintiffs were entitled to recover, it was agreed that the amount of damages should be determined by an arbitrator, to be agreed on by the parties, or a commissioner appointed by the court, and judgment rendered for the amount and costs ; otherwise that the plaintiffs should become nonsuit, and the defendant have judgment for costs.

*Stickney*, for the plaintiffs.

*Harmon & Briggs*, of Massachusetts, for the defendant.

PERLEY, C. J.   Jonathan M. Dexter, according to the agreed case, died seized of the land, in May, 1848, and by his will directed his executors to sell it at such times as they might deem expedient. The will made no other disposition of the land. The will does not give the executors any estate in the land, but only a bare authority to. sell. A devise to executors to sell passes the interest in the land, but a devise that the executors shall sell, or that the land shall be sold by them, gives them but a power.   Littleton, sec. 169 ; 4 Kent's Com. 320 ; *Howel* v. *Barnes*, Cro. Car. 382 ; *Jackson* v. *Schauber*, 7 Cowen 187.

The land then descended to the plaintiffs, heirs at law of the devisor, upon his death, and the executors, not having exercised their power to sell, the legal title remains in the plaintiffs.

By the common law, an heir or devisee cannot maintain trespass until he has entered and taken actual possession. But if he entered after the trespass was committed, he might maintain his action for a trespass committed before his entry, and after the death of his ancestor, or devisor. In such case his entry gave him in law a possession by relation from the death of the devisor, or ancestor.   Com. Dig., Trespass, (B, 3 ;) 1 Chitty's Pl. 177.

Dexter *v.* Sullivan.

In the present case, after the trespass, and before the suit was commenced, Parker, in behalf of the plaintiffs, entered and took possession of the land. Admitting that Parker entered without any antecedent authority, still, if his act, done in their name and in their behalf, was recognized and ratified by the plaintiff, his entry will enure to their benefit, and have the same effect as if it had been made by prior authority. If an infant, or man of full age, have any right of entry into any lands, any stranger, in the name and to the use of the infant or man of full age, may enter into the lands, and this regularly shall vest the lands in them without any command, precedent, or agreement subsequent. Co. Litt. 158, a. To the same point are *Fitchet* v. *Adams*, 2 Strange 1128; *Payne* v. *Smith*, 12 N. H. 34, and *Despatch Line of Packets* v. *Bellamy Man. Co.*, 12 N. H. 363.

Supposing an entry to be necessary to maintain this action, the bringing of the suit is a sufficient ratification of Parker's act of entering in behalf of the plaintiffs, and the entry vested in the plaintiffs, by relation, a legal possession, sufficient to maintain this action.

Even if the doctrines of the common law were applied to the case, the plaintiffs are entitled to recover. But in this State the party who has an estate in land and a right of entry, is, as a general rule, supposed to have entered and become actually seized and possessed according to his title, for the purposes of his remedy by writ of entry or action of trespass. This rule is not allowed to change the substantial liability and right of the parties; where an entry is necessary to take advantage of a condition or forfeiture, it must be actually made. In that case the estate of the plaintiff commences with his entry. Until he enters, he has made no election to insist on the forfeiture or breach of condition. But where a party has an estate, and not a mere right by entry to obtain an estate, by immemorial usage in this State, he may, without regard to the derivation of his title, count in a writ of equity on his own seizin, and a disseizin done to himself, although he never had actual possession of the land. The law in such case for the purposes of the remedy sup-

poses him to have entered and become seized, and to have been disseized by the tenant. In practice, all our writs of entry are in the nature of the writs of entry sur disseizin in the *quibus. Concord* v. *McIntire,* 6 N. H. 529; *Gibson* v. *Bailey,* 9 N. H. 168; and we understand that the same rule applies to the action of trespass, and that a plaintiff, who has never had actual possession, may, without the ceremony of an entry, maintain trespass for damage done to his land after his title accrued. This rule, however, cannot enlarge the substantial liability of the defendant, nor change the character of the possession which he had in the land.

The plaintiffs are entitled to recover, and the amount must be ascertained by reference to an arbitrator or commissioner, as is provided in the case.